**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| DAVID ALLEN HALL;<br>INTERNATIONAL TRUSTEE<br>GROUP, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>STINE SEED COMPANY,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§ Civil Action No. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Stine Seed Company ("Stine") removes this action filed by David Allen Hall and International Trustee Group, L.L.C. ("ITG") (collectively, "Plaintiffs"), in the Circuit Court for the 30th Judicial District Court for Shelby County, Tennessee, captioned Case No. CT-4832-20, *David Allen Hall and International Trustee Group, L.L.C. v. Stine Seed Company* (the "State Court Litigation"). In support of removal, Defendant states as follows:

## SUMMARY

Defendant respectfully submits, as set forth below, that because complete diversity of jurisdiction exists between the parties, and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper.

## BACKGROUND

Plaintiffs filed their Complaint on November 13, 2020, in the Circuit Court for the 30th Judicial District Court for Shelby County, Tennessee. Counsel for Defendant Stine accepted service on November 25, 2020. Plaintiffs' Complaint asserts three causes of action arising under state law: (i) intentional misrepresentation (fraud); (ii) violation of the Tennessee Consumer

Protection Act or, alternatively, violation of the Mississippi Consumer Protection Act; and (iii) breach of contract. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all proceedings, pleadings, motions, and orders in the State Court Litigation are filed concurrently with this Notice of Removal. *See Dec. of Joseph M. Koury*, Ex. A.[1] To the best of Stine's knowledge, there have been no other proceedings, pleadings, motions, or orders filed or entered in the State Court Litigation.

## ARGUMENT

This action is removable under 28 U.S.C. § 1441(a) and (b) because complete diversity of citizenship exists between Plaintiffs and Defendant. 28 U.S.C. § 1332(a)(1). As explained below, the Plaintiffs are citizens of Tennessee and Delaware and Defendant is a citizen of Iowa. All other requirements for diversity jurisdiction to lie are also satisfied.

**A.** **Complete Diversity of Citizenship Exists Between the Parties.**

Defendant Stine is a corporation incorporated under the laws of the State of Iowa with its principal place of business in Iowa. Accordingly, for purposes of diversity jurisdiction, Defendant Stine is a citizen of Iowa. *Id.* at § 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

Plaintiff Hall is a natural person. He is resident of Tennessee and his personal residence is located at 1972 Peabody Avenue, Memphis, Tennessee 38104. *See* Ex. A, Complt. ¶ 9. As such, he is a citizen of Tennessee.

Plaintiff ITG is a limited liability company incorporated under the laws of the State of Tennessee with its principal place of business at 287 Madison Avenue, Memphis, Tennessee

---

[1] All references to exhibits herein are to those submitted with the accompanying Declaration.

38103. *See id.* at ¶ 10. Under Tennessee law, "an LLC has the citizenship of each of its members." *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015). According to the website of the Tennessee Secretary of State, Plaintiff ITG has two members. *See* Ex. B, accessed on December 6, 2020.[2] The public record, however, is silent on the identity of those members, and the complaint filed in the State Court Litigation does not include those details. Documents produced in connection with Plaintiff Hall's Chapter 11 bankruptcy, currently pending before Judge Jennie Latta in the Bankruptcy Court for the Western District of Tennessee in which Defendant Stine is a creditor, offer relevant information. Those documents reflect that ITG has three separate members: (i) Plaintiff Hall, as noted above, a citizen of Tennessee, (ii) Thomas Burrell, upon information and belief, also a citizen of Tennessee, and (iii) the Black Farmers and Agriculturist Association, Inc., a corporation formed under the laws of the State of Delaware and, upon information and belief, located in Tennessee. *See* Ex. C at 27, 35; Ex. D, accessed on December 7, 2020. For purposes of diversity jurisdiction, Plaintiff ITG is thus a citizen of both Tennessee and Delaware.

Because Defendant is a citizen of Iowa and Plaintiffs are citizens of Tennessee and Delaware, complete diversity of citizenship exists to satisfy the requirements of 28 U.S.C. § 1332(a)(1), and jurisdiction may lie in this court.

### B. The Amount in Controversy Meets the Jurisdictional Threshold.

Likewise, this action is removable because the amount in controversy exceeds the $75,000 statutory requirement. 28 U.S.C. § 1441(a) and (b); 28 U.S.C. § 1332(a). Although the Complaint

---

[2] Pursuant to § 1446(a), Stine need only make a plausible allegation that the removal requirements are met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Nonetheless, Stine has attached to this Notice documentary evidence to show that (1) the parties are diverse, and (2) the amount in controversy exceeds $75,000. *See, e.g.*, *Hayes v. Equitable Energy Resources Company*, 266 F.3d 560, 572 (6th Cir. 2001) (explaining that the burden of proving the removal requirements are met falls on the party seeking to remove).

does not explicitly state the amount of damages Plaintiffs seek, the pleadings nonetheless make clear that the amount in controversy threshold is met.

*First*, Plaintiffs allege that they anticipated their 2017 soybean sales would "approach $1.4 million," but that they "only harvested and sold approximately $400,000 worth of soybeans." *Id.* at ¶ 26. The difference between the amount of anticipated sales and achieved sales is presumably part of the compensatory and consequential damages sought by Plaintiffs and well exceeds $75,000. *See* Prayer For Relief.

*Second,* Plaintiffs seek declaratory and injunctive relief, asking the court to "declare[] the Plaintiffs owe Stine [] nothing for any outstanding invoices and enjoin[] the [sic] Stine [] or their agents from engaging in any collections actions and release[] Plaintiffs from any debt owed to Stine []…" *Id.* In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 560 (6th Cir. 2010) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). The past due amount owed to Stine for the seed Dr. Hall received, planted, harvested, and sold (but did not pay for) exceeds $75,000. *See, e.g.,* Ex. E (Ex. N to First Amended Complaint filed in *Hall v. Stine Seed*, Case No. 2:18-cv-02265-JTF-tmp, Dkt. No. 72, Page ID 707 (reflecting a balance of $79,503.17 prior to the filing of that lawsuit)). Thus, insofar as Plaintiff Hall's past due amount owed to Stine is the object of the litigation, the amount in controversy exceeds $75,000.

*Finally*, Plaintiffs seek attorney's fees, as well as punitive and treble damages. Ex. A, at ¶¶ 56-57, Prayer for Relief. For purposes of the jurisdictional analysis, the court must account for these types of damage awards when calculating the amount in controversy "unless it is apparent to a legal certainty that such cannot be recovered." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x

476, 479 (6th Cir. 2014) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Without conceding the applicability of either attorney's fees or punitive and treble damages to this action, if Plaintiffs were to prevail in this case, these damages, together with the other damages alleged, would likely exceed the $75,000 amount in controversy threshold.

### C.    All Other Statutory Requirements for Diversity Jurisdiction Are Satisfied.

All other statutory requirements are also met. Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice is being filed within 30 days of service of Plaintiffs' Complaint and venue in this district is proper under 28 U.S.C. § 1441(a) because the state court where this lawsuit has been pending is located in this district.

Because complete diversity exists between the parties and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 and removal is proper.

### NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant certifies that it is simultaneously filing a notice of removal with the state court. *See* Ex. F. Pursuant to these statutes and in conformance with the requirements of 28 U.S.C. § 1446, Defendant removes this action from the Circuit Court for the 30th Judicial District Court for Shelby County, Tennessee as of the 17th day of December 2020. Defendant respectfully requests that this action be removed to this Court, that this Court accept jurisdiction over this action, and that this action be entered on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Dated: December 17, 2020

Respectfully Submitted,

By: */s/Joseph M. Koury*
    Joseph M. Koury (#017446)
    ALLEN, SUMMERS, SIMPSON, LILLIE, AND
    GRESHAM, PLLC
    80 Monroe Avenue, Suite 650
    Memphis, Tennessee 38103
    T: (901) 763-4200
    F: (901) 684-1768
    jkoury@allensummers.com


    Jack A. Simms
    (Pro Hac Vice admission pending)
    María Amelia Calaf
    (Pro Hac Vice admission pending)
    Katherine P. Chiarello
    (Pro Hac Vice admission pending)
    1209 Nueces Street
    Austin, Texas 78701
    T: 512.960.4865
    F: 512.960.4869
    jack@wittliffcutter.com
    mac@wittliffcutter.com
    katherine@wittliffcutter.com

    **ATTORNEYS FOR DEFENDANT**
    **STINE SEED COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2020, a true and correct copy of the foregoing document was transmitted by email to the following counsel of record.

J. Gerard Stranch, IV
Benjamin A. Gastell
Anthony A. Orlandi
BRANSETTER STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gerards@bsjfirm.com
beng@bjsfirm.com
aorlandi@bjsfirm.com

Van D. Turner, Jr.
BRUCE TURNER, PLLC
2650 Thousand Oaks Blvd.
Suite 21040A
Memphis, TN 38118
vturner@bruceturnerlaw.net

ATTORNEYS FOR PLAINTIFFS
DAVID ALLEN HALL AND
INTERNATIONAL TRUSTEE GROUP, LLC

*/s/ Joseph M. Koury*
Joseph M. Koury